### DEWEY ELECTRIC HEATING CO. v. ALBANY RAILWAY.

(Circuit Court, N. D. New York.    February 15, 1897.)

PATENTS—INVENTION AND INFRINGEMENT—ELECTRIC HEATERS.

The Dewey patent, No. 464,247, for improvements in electric heating apparatus, discloses invention as to the ninth claim, in its combination of heating conductors adapted to be connected in different ways with the supply conductors, a switch for controlling said connections, and an indicator operated by the switch to show how the connections stand. This claim is not limited to the particular form described, and is infringed by a heater employing the same combination, with mere difference of form and location.

This was a suit in equity by the Dewey Electric Heating Company against the Albany Railway for alleged infringement of a patent.

This is an equity suit for infringement based upon letters patent, No. 464,247, granted to Mark W. Dewey, December 1, 1891, for improvements in electric-

heating apparatus. The patentee says in the specification: "The objects of my invention are to provide an electric heater that will produce a great amount of heat, expose a large radiating surface, and yet not occupy much floor space. Also, to provide a heater having its resistance divided into sections, and so arranged that if any one of the sections becomes injured it may be repaired without cutting off the current from the entire heater or the other sections of resistance. Also, to provide the heater with an adjustable switch or current controller, so that the heat may be regulated as desired. The switch may be provided with an indicator to show the amount of current flowing through the heater or the number of sections of the resistance in circuit. To this end my invention consists in the combination of a plurality of cases, an electric heat-developing conductor within each of said cases, and a frame to hold or support said cases. Also, in the combination of supply conductors, a plurality of cases, an electric heat-developing conductor within each of said cases, and connected with the supply conductor in parallel, suitable means to hold said cases apart and a switch to cut out of circuit one or more of the heat-developing conductors." The ninth claim, the only one involved, is as follows: "(9) In an electric heating apparatus having heating conductors or sections adapted to be connected in different ways with the supply conductors, a switch for controlling said connections, and an indicator operated by the movement of the switch to indicate how the connections stand." The defenses are anticipation, lack of novelty, and invention and noninfringement.

C. H. Duell, for complainant.
R. A. Parker, for defendant.

COXE, District Judge. The claim in controversy contains three elements, as follows: First. Heating conductors adapted to be connected in different ways with the supply conductors. Second. A switch for controlling said connections. Third. An indicator operated by the movement of the switch to indicate how the connections stand. Each of these elements considered separately is old, but, on the other hand, the combination is new. Dewey conceived the invention February 18, 1890, and there is no pretense that the combination of the claim, as applied to electric heaters, had been used prior to that date. A study of the record, extending over several days, has convinced the court, notwithstanding the ingenious and able argument of the defendant's counsel to the contrary, that it required an exercise of the inventive faculties to produce this combination. The mechanic could not have done it. Even though there were doubt on the subject the doubt should be resolved in favor of the patent. In cases of uncertainty the effort should be to sustain the patent, not to destroy it. The anxiety manifested by the defendant to use the Dewey heater seems inconsistent with the theory that it is no more efficient than the heaters of the prior art. The defendant has only to drop one element of the combination and it will be absolutely safe from attack.

But it is said, conceding invention, that, in view of what had been done before, the claim must be restricted to the exact structures shown in the drawings, and, if so construed, the defendant does not infringe. The invention consists in combining any desired number of distinct heating sections, each complete in itself, adapted to be connected with the supply conductors in series, in multiple arc or in multiple series, with a switch for controlling these connections and an indicator operated by the movement of the switch to show how the connections stand. The novelty is in the combination, not in

the separate elements of the combination, each of which is frankly admitted to be old. If the claim is to be confined to a particular form of heater, switch or indicator, it could be avoided in as many ways as there are patents in the record. It would, of course, be absolutely worthless. There is nothing in the specification or in the record requiring the claim to be so limited.

The defendant's apparatus as applied to the heating of a street car is made up of a number of sections each in a separate case adapted to be connected in different ways with the supply conductor. The defendant employs a switch for controlling the connection of the heaters and an indicator to show how the connections stand. There is no frame like that shown in the drawings of the patent for holding the heaters. They are supported by the woodwork of the car body. The switch is not fixed to the frame, but is placed in any convenient place in the car, and the indicator is of a different type from that shown in the patent. All such differences are immaterial. Matters relating merely to form and location are not of the essence of the invention. The specification expressly states that the principle upon which regulating devices operate is well known and that almost any form can be used. It is thought that the defendant's combination operates in substantially the same manner and accomplishes the same result as the combination of the claim. The complainant is entitled to the usual decree.